```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

FELIX LUIS CUEVAS-RODRIGUEZ,

    Plaintiff,

v.                                  Case No. 8:14-cv-2075-T-33TBM

ABBY'S BAIL BONDS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On August 25, 2014, Felix Luis Cuevas-Rodriguez initiated this action against Abby's Bail Bonds. (See Doc. # 1). Upon review of the Complaint, the Court determines that it lacks subject matter jurisdiction over this matter.

**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete

controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Construing Cuevas-Rodriguez's Complaint liberally due to his *pro se* status, the Court reaches the inescapable conclusion that this Court lacks subject matter jurisdiction over this action.

In his Complaint, Cuevas-Rodriguez provides a disorderly amount of information that makes it difficult for this Court to decipher his claim against Abby's Bail Bonds. In doing so, Cuevas-Rodriguez makes no reference to federal law. Therefore, the Court finds that federal question jurisdiction does not exist. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a

2

state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991).

In the event Cuevas-Rodriguez argues, in the alternative, that this Court has diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332, this Court finds that Cuevas-Rodriguez has not met his burden of establishing that such jurisdiction exists. In order to sufficiently allege diversity jurisdiction, Cuevas-Rodriguez must demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. To demonstrate complete diversity, Cuevas-Rodriguez must establish that his citizenship is diverse from the citizenship of every Defendant. As explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." Furthermore, Cuevas-Rodriguez is advised that to sufficiently allege citizenship of a corporate defendant, the state of incorporation as well as the location of the principal place of business must be stated. See 28 U.S.C. § 1332(c)(1).

Although he alleges an amount in controversy exceeding $75,000 (Doc. # 1 at 7), upon review of the Complaint, Cuevas-

Rodriguez has failed to definitively establish that diversity jurisdiction exists. As an initial matter, Cuevas-Rodriguez has only alleged his residence – Florida - not his citizenship. Further, although not clear whether Abby's Bail Bonds is a corporation, Cuevas-Rodriguez has alleged that Abby's Bail Bonds has its "principal place of business" in Tampa, Florida, but fails to provide the company's state of incorporation. (Doc. # 1 at 5). Nonetheless, even assuming Cuevas-Rodriguez is a citizen of Florida and Abby's Bail Bonds is incorporated outside of Florida, Cuevas-Rodriguez has failed to demonstrate complete diversity.

Further, to the extent that Cuevas-Rodriguez intends to name the Abby's Bail Bonds employees as individual defendants, Cuevas-Rodriguez also failed to sufficiently allege their citizenship. Cuevas-Rodriguez indicates that all named employees are "residents of Hillsborough County." (Doc. # 1 at 5). Even assuming that these individuals are citizens of Florida, Cuevas-Rodriguez has failed to demonstrate complete diversity. Thus, diversity jurisdiction does not exist.

Having determined that the Court lacks jurisdiction, the Court dismisses this case.

Accordingly, it is hereby

4

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of August, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record